FILED
SUPERIOR COURT
OF GUAM

2014 SEP 12 PM 4: 22

CLERK OF COURT

BY: _____

# IN THE SUPERIOR COURT OF GUAM

PEACE INTERNATIONAL CO. LTD.,       )       CIVIL CASE NO. CV0099-14

             PLAINTIFF,       )       DECISION & ORDER:
                                    )       DEFENDANT'S MOTION TO DISMISS,
      v.                     )       SET ASIDE ENTRY OF DEFAULT,
                                     )       AND FOR LEAVE TO FILE ANSWER

ROMAN AYUYU,                 )
                                     )
             DEFENDANT.       )

## I.

## INTRODUCTION

This matter came before the Honorable Maria T. Cenzon for a Motion Hearing on August 11, 2014. Peace International Co. Ltd. ("Plantiff") was represented by Attorney Charles H. McDonald of Berman O'Connor & Mann and Roman Ayuyu ("Defendant") was present and represented by Attorney Gary W. Francis Gumataotao of Gumataotao & Pole. The Court entertained three of Defendant's motions: to dismiss the action; to set aside entry of Defendant's default in this matter; and for leave of court to file an answer. The motions were presented in Defendant's Motions to Dismiss, Set Aside Entry of Default & Request for Leave to File Answer ("Defendant's Motions") filed on May 12, 2014. Plaintiff filed, in one document, an Opposition to Defendant's Motion to Dismiss and a Non-Opposition to Defendant's Motions to

Set Aside Entry of Default and Request for Leave to File Answer on June 9, 2014. The Court orally granted the motion to set aside entry of default from the bench and took Defendant's two other motions under advisement and now issues this written Decision & Order.

Upon reviewing the applicable statutes and case law, the Parties' briefings, and hearing oral argument on the issues, the Court **HEREBY GRANTS Defendant's Motions to Set Aside Entry of Default and for Leave of Court to File Answer** and **HEREBY DENIES Defendant's Motion to Dismiss.**

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

As a contested matter, this case is procedurally nascent as Defendant has yet to file any responsive pleadings.[1] Plaintiff filed his Complaint for Breach of Contract ("Complaint") on January 22, 2014, seeking to recover money allegedly paid to Defendant for a motor vehicle which was never delivered. Defendant was served with Summons on January 30, 2014 but failed to file any answer within twenty days as required by GRCP 12(a) or assert any defenses by motion pursuant to GRCP 12(b) or otherwise make any appearance in this matter. Plaintiff requested an Entry of Default from the Clerk of the Superior Court of Guam on April 10, 2014. A Default Hearing was scheduled for May 22, 2014, but Defendant's Motions were filed prior to that hearing on May 12, 2014. Plaintiff filed its Opposition and Non-Opposition on June 9, 2014 and the Court entertained Defendant's motions on August 11, 2014. The August 11, 2014 Motion Hearing was the first appearance of both Parties before this Court and the instant record

---

[1] Under the Guam Rules of Civil Procedure, a motion is distinct from a pleading (*see* GRCP 7) and the court's denial or postponement of ruling on a party's GRCP 12 motion mandates service of their responsive pleading within ten days under GRCP 12(a)(1).

is minimal, consisting only of these two moving papers accompanied by two exhibits each, the Complaint, and the Entry of Default.

## III.

## LAW AND ANALYSIS

### A. The Court Grants Motion to Set Aside the Entry of Default

Defendant's Motion to Set Aside Entry of Default was unopposed by Plaintiff and the Court granted that motion from the bench. However, the GRCP 55(c) standard of "good cause shown" is not attained merely by stipulation of the parties. Under Guam law, the setting aside of an entry of default is subject to judicial scrutiny of the same factors as the setting aside of a default judgment under GRCP 60(b). *Adams v. Duenas*, 1998 Guam 15 ¶ 5 (citing *Midsea v. HK Engineering*, 1998 Guam 14 ¶ 4)). A motion to set aside entry of default should be denied if a courts finds "(1) the defendant's culpable conduct led to the default; (2) the defendant has no meritorious defense, or (3) the plaintiff would be prejudiced if the judgment is set aside." *Midsea* ¶ 5 (citations omitted). However, the standard is less rigorously applied to a motion for setting aside an entry of default than for one setting aside a default judgment (*Adams* ¶ 5) and the Court's review reflects the public policy "that the rule is meant to be remedial in nature and should be applied liberally, and that a default judgment is considered to be a drastic measure, only appropriate in extreme circumstances because, whenever possible, cases should be decided on their merits." *Midsea* ¶ 6 (citing *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).

Applying the *Midsea* test to this matter, the Court does not find Defendant's conduct culpable in the default when he was actively discussing settlement terms with and making payments towards the debt until Plaintiff requested Entry of Default. Declaration of Michael J. Berman ¶¶ 4-6, 8 (June 9, 2014). Secondly, Defendant has mentioned several possible defenses

in his Motions, including the running of the statute of limitations, a discharge of the debt through bankruptcy, and Plaintiff's lack of a business license. While these matters have not been fully briefed, the Court cannot characterize these defenses as without merit given the record and alleged facts before it. Finally, Plaintiff's non-opposition to setting aside the entry of default is a clear indication that Plaintiff will not be prejudiced or has waived any objections to such prejudice.

## B. The Court Denies Dismissal under GRCP 12(b)(6)

Defendant moves to dismiss the Complaint as defective on its face. Specifically, Defendant asserts the facts as stated in the Complaint do not remove the action from the statutory time bar for a breach of contract. The argument is properly characterized as arising under GRCP 12(b)(6), since Defendant argues the time and date of the facts stated are such that Plaintiff would be unable to recover relief due to operation of the applicable statute of limitations and Plaintiff has failed to plead facts to support tolling or excuse.

Although the Court finds no exact date of the alleged breach of contract explicitly stated in the Complaint, that does not render the Complaint legally insufficient. The facts as stated in the Complaint permit an inference of the alleged breach occurring within the statute of limitations when the Parties entered into their agreement on July 30, 2010, the Complaint requests damages in the amount of $79,474 for principal as of February 21, 2013, and Plaintiff made a final demand for payment on January 13, 2014. These last two dates are clearly within the three- or four-year statute of limitations for actions upon a contract and would warrant an inference that the alleged breach occurred on or about those dates. Therefore, it does not "appear[] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561 (2007) (quoting

*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). This inference is especially justified when it is the Court's duty to "take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).

To further compound the ambiguity of when the alleged breach occurred, although not fatally so, is the fact that neither Plaintiff's Complaint nor Defendant's motion to dismiss has presented this Court with clear legal authority on the applicable statutes of limitation which would apply in this action.

Defendant asserts that under 7 GCA §§ 11303-11305 and 11403, a three-year statute of limitations for an action upon an unwritten contract controls. However, the law governing contracts for the sales of goods is distinct from that which covers services and labor. *MElectric Corp. v. Phil-Gets (Guam) Intl. Trading Corp.*, 2012 Guam 23 ¶ 13 and 13 GCA § 2102. Upon this Court's review of the Complaint, which states the Parties entered into an "agreement" for the sale of "new Automobiles" which Defendant was to ship to Japan (Complaint at 1-2), Guam's Uniform Commercial Code—Sales, as statutorily codified at 13 GCA Div. 2, could reasonably apply.

Under the Uniform Commercial Code at 13 GCA § 2725(1): "an action for breach of any contract for sale must be commenced within four years after the cause of action has accrued." By that standard the Complaint is not barred on its face when no more than three years and five months had lapsed: "On [sic] about July 30, 2010, the Defendant Ayuyu entered into an agreement with Plaintiff whereby in exchange for monies..." Complaint at 1 (Jan. 22, 2014).

Even if, as Defendant asserts, the shorter three-year statute of limitations for a contract not founded in writing at 7 GCA § 11305(h) controls, the Court still cannot deem the Complaint barred on its face when the Guam Supreme Court has found persuasive California's recognition of at least four different constructions of their equivalent statute and "California courts have consistently upheld that the determination of an applicable statute of limitations is a question of fact." *Guam Police Dept. v. Superior Ct. of Guam*, 2011 Guam 8 ¶ 11.[2] This issue of fact persists unless the Court's review of the Complaint is "susceptible of only one legitimate inference." *Id.* (quoting *Lee v. Fid. Nat'l Title Ins. Co.*, 115 Cal. Rptr. 3d 748,761 (Cal. Ct. App. 2010)). As the Court finds that the facts stated in the Complaint support multiple inferences of when the statute of limitations would have begun to run, the issue of fact persists and dismissal under GRCP 12(b)(6) is unjustified.

One essential fact which remains unknown in this matter is if the agreement at issue was memorialized in any writing. Defendant's assertion that the agreement only existed orally (Defendant's Motion at 5), assumed a fact never stated in the Complaint, rendering it outside the scope of the motion and an intrusion upon the role of the finder of fact. Defendant also did not present any evidence to support this conclusion. *See* Defendant's Motion, Exhibit A: Affidavit of Defendant which is also silent on this question. This is yet another example of how the Court, at this stage in the proceedings, has no basis for applying one legal standard over another. Without knowing if the agreement was based upon a writing or if it was between two merchants for the sale of goods, the Court would have no basis for examining the Complaint under the four-year statute of limitation in 7 GCA § 11303 instead of the three-year statute of limitation in

---

[2] Title 7 GCA § 11305(8) is cited therein, but the Compilers Note confirms that the change is to the codification scheme and not substantive.

7 GCA § 11305; or indeed, determining whether those provisions are wholly inapplicable and the Court should instead apply the statute of limitations found in the Uniform Commercial Code at 13 GCA § 2725. This threshold determination, the basis of Defendant's motion to dismiss, is impossible to make at this stage in the proceedings. Dismissal at this time, under GRCP 12(b)(6) would be premature and contrary to the public policy that favors "giving Parties their day in Court" as noted by Defendant in his Motion at 3.

As the above discussion on just two factual issues bearing on the statute of limitation issue reveals, a just adjudication requires that the Court deny Defendant's motion to dismiss and allow the action to proceed, so the Parties may have an opportunity to engage in discovery. It is enough to find, for the purposes of Defendant's motions to dismiss, that Plaintiff has met its burden of pleading "more than labels and conclusions[] and a formulaic recitation of the elements of a cause of action..." and has stated enough facts in the Complaint to "raise a right to relief above the speculative level." *Core Tech* ¶¶ 52-53.

### C. Plaintiff May Amend Their Complaint As a Matter of Course and Defendant Is Granted Leave to File Responsive Pleadings.

Having noted herein that no responsive pleading has been filed in this matter, Rule 15(a) of the Guam Rules of Civil Procedure permits an amendment of the Complaint "once, as a matter of course at any time before a responsive pleading is served." The Court finds that granting Plaintiff leave to amend, without dismissal, is in the interest of judicial economy. Upon service of the amended Complaint, Defendant is granted leave to file an Answer within twenty days pursuant to GRCP 12.

## IV.

## CONCLUSION

For the foregoing reasons, the Court hereby issues the following orders:

1) **GRANTS Defendant's Motion to Set Aside Entry of Default;**

2) **DENIES Defendant's Motion to Dismiss under GRCP 12(b)(6);**

3) **GRANTS Plaintiff leave to file an amended Complaint as permitted by GRCP 15(a) and ORDERS the amended Complaint be filed within twenty days; and**

4) **GRANTS Defendant's Motion for Leave to File Answer** or other responsive pleading within twenty days of service of Plaintiff's amended Complaint pursuant to GRCP 12.

The Court will hold a Scheduling Conference in this matter on November 5, 2014 at 3:30 PM.

**SO ORDERED this** _12th_ **day of September, 2014.**

**HONORABLE MARIA T. CENZON**
**Judge, Superior Court of Guam**

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:

A. GUMATAOTAO

C. McDONALD

Date: 9.12.14    Time: 4:22p

Deputy Clerk, Superior Court of Guam